*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RASHED AM BROWN,

        Defendant-Appellant.

UNPUBLISHED
June 6, 2024

No. 365205
Oakland Circuit Court
LC No. 2016-259631-FC

Before: GARRETT, P.J., and SERVITTO and REDFORD, JJ.

GARRETT, P.J. *(concurring in part and dissenting in part).*

I concur in the majority's conclusion that defendant, Rashed Am Brown, is not entitled to relief from judgment based on the allegedly ineffective assistance of his appointed trial counsel or his counsel on direct appeal. I write separately because I believe Brown's 100-year sentence could be disproportional to the offense and the offender, an issue that must be decided by the trial court in the first instance.

## I. STANDARD FOR RELIEF FROM JUDGMENT

This appeal is before us following the denial of a motion for relief from judgment under MCR 6.508. MCR 6.508(D)(3) provides that a court may not grant relief if the defendant's motion:

> alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> > (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
>
> > (b) actual prejudice from the alleged irregularities that support the claim for relief. . . .

At the time of Brown's trial and sentencing, a within-guidelines sentence was presumptively proportional and MCL 769.34(10) precluded appellate review absent an error in

-1-

scoring or the court's reliance on inaccurate information at sentencing. See *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). The Michigan Supreme Court held this provision of MCL 769.34(10) unconstitutional in *People v Posey*, 512 Mich 317; 1 NW3d 101 (2023), opening the door for proportionality challenges to within-guidelines sentences. Brown's challenge to the proportionality of his sentence could have been raised earlier, but the courts would have affirmed Brown's sentence under the existing law. Accordingly, trial counsel and Brown's original appellate counsel had good cause for failing to raise this issue at sentencing and on direct appeal. Prejudice can be found "in the case of a challenge to" a criminal sentence, when "the sentence is invalid." MCR 6.508(D)(3)(b)(*iv*). Accordingly, relief can be granted on a motion for relief from judgment for a sentence that is disproportional.

## II. PROPORTIONALITY OF SENTENCE

Brown was 30 years old when he fled from police officers while driving passengers to pharmacies to fill fraudulent prescriptions. As he weaved through traffic at high speeds, Brown ignored three red lights. When he ran the third, he collided with a van, killing the driver. One of Brown's passengers was severely injured in the collision as well. A jury convicted Brown of second-degree murder, first-degree fleeing and eluding resulting in death, and second-degree fleeing and eluding resulting in serious impairment of a body function. *People v Brown*, unpublished per curiam opinion of the Court of Appeals, issued July 23, 2019 (Docket No. 340069), pp 1-2.

When calculating Brown's offense variable (OV) and prior record variable (PRV) scores, the Department of Corrections considered Brown's prior criminal history, which included delivering marijuana, two counts of marijuana possession, driving with a suspended license, operating a vehicle under the influence, resisting arrest, and possession of a short-barreled shotgun during an act of second-degree home invasion. Because of these prior convictions, Brown was sentenced as a fourth offense habitual offender. Brown's recommended minimum sentencing guidelines for second-degree murder was 365 months to 1,200 months or life. The court imposed a minimum sentence of 100 years for Brown's second-degree murder conviction.

Brown will have to reach the impossible age of 130 before he is eligible for parole consideration. Had the trial court selected the alternate sentence of life imprisonment, Brown would be eligible for parole consideration after only 15 years. MCL 791.234(7)(a). A sentence of life for second-degree murder comes with the possibility of parole, unlike a conviction for first-degree murder. See MCL 791.234(6) (providing an exclusive list of offenses subject to the penalty of life without the possibility of parole). This is a significant difference: Brown could have been sentenced to life and considered for parole after 15 years, but instead was sentenced to a term of years with his first parole eligibility after 100 years. The court did not consider whether it was proportional to the offense and the offender to impose a determinate sentence which was effectively life without the possibility of parole.

Brown focuses his argument on his age at the time of parole eligibility. I do not contend that the age of a defendant, standing alone, automatically renders even the lengthiest sentence disproportional. Brown's voluntary actions on the day in question led to the worst of consequences—the death of an innocent bystander. However, following the directive in *Posey* that even within-guideline sentences must be analyzed for proportionality, I believe this matter

must be remanded to the trial court for reconsideration.  In undertaking its analysis, the trial court should take into account not only Brown's age, but also the egregiousness of Brown's offenses and Brown's criminal history to ensure his sentence was proportional.

I would vacate the denial of Brown's motion for relief from judgment and remand for reconsideration of the proportionality of the sentence imposed.


/s/ Kristina Robinson Garrett